IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KARL D. BARLOW                                                                              PETITIONER

VERSUS                                             CIVIL ACTION NO.  4:07cv161-HTW-LRA

STATE OF MISSISSIPPI, et al.                                                          RESPONDENTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on petitioner's response [5] to the order [4] filed December 13, 2007.  Petitioner, an inmate incarcerated at the Clarke County Jail, Quitman, Mississippi, files this petition for habeas relief pursuant to 28 U.S.C. § 2241.

The petitioner is presently incarcerated at the Clarke County Jail.  He files this habeas petition challenging his incarceration which has occurred as a result of an alleged illegal arrest for possession of cocaine.  According to the allegations, petitioner's Fourth Amendment right to be secure in his person against unreasonable searches and seizures has been violated.  In his response [5], the petitioner is requesting that he be released and that all criminal charges against him be dismissed.

After reviewing petitioner's application for habeas corpus relief and response and giving it a liberal construction as required by <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the court has come to the following conclusion.

Under the circumstances of the instant civil action, it is clear that the petitioner has not yet been convicted of the criminal charge.  Therefore, as a pre-trial petitioner challenging his incarceration, a habeas petition is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."  <u>Dickerson v. State of Louisiana</u>, 816 F.2d

220, 224 (5th Cir.), <u>cert. denied</u>, 484 U.S. 956 (1987).  Although 28 U.S.C. § 2241 does not specifically state that exhaustion is required, the requirement that a petitioner must exhaust his available state remedies has been judicially created.  <u>Id</u>. at 225.  In his response [5] filed December 20, 2007, petitioner states that he has not exhausted his remedies available in state court.  However, he argues that he should not be required to do so.

Notwithstanding the petitioner's failure to exhaust his available state remedies and his argument that this court should not require him to do so, "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489 (1973).  The United States Supreme Court made a distinction between a petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes," <u>id.</u> at 490, and "one who seeks only to enforce the state's obligation to bring him promptly to trial." <u>Id.</u> (citing <u>Smith v. Hooey</u>, 393 U.S. 374 (1969)).  The United States Court of Appeals for the Fifth Circuit in <u>Brown v. Estelle</u>, 530 F.2d 1280, 1282-83 (5th Cir. 1976), held that the distinction is based on the type of relief requested by the petitioner.  If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." <u>Id.</u>  If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial.  <u>Id.</u>  It appears from the petitioner's assertions that his Fourth Amendment rights have been violated is an attempt to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." <u>Braden</u>, 410 U.S. at 508-09.  Furthermore, the petitioner's request that the criminal charges against him be dismissed is found by this court to be an attempt to "abort a state

2

proceeding or to disrupt the orderly functioning of state judicial processes."  Therefore, habeas corpus is not an available remedy.

Conclusion

It is clear that petitioner has not exhausted his available state remedies.  Even if petitioner were to exhaust his available state remedies, he has failed to present a claim upon which habeas corpus relief may be granted.  Therefore, this petition is dismissed without an evidentiary hearing.

This the 30th day of January, 2008.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE